UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHARON DYWANE SHAW                         CIVIL ACTION NO. 17-cv-0031

VERSUS                                     JUDGE HICKS

CHESAPEAKE OPERATING, LLC, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Sharon Dywane Shaw ("Plaintiff") is a self-represented citizen of Nevada. She filed a complaint in the Caddo Parish state court against three Chesapeake entities, which are all citizens of Oklahoma, for recovery of unpaid royalties, penalties, and damages. The Chesapeake defendants removed the case based on an assertion of diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 10) on the grounds that the amount in controversy is not adequate to support removal. For the reasons that follow, it is recommended that the motion be denied.

**Removing Defendants' Burden**

Defendants such as the Chesapeake entities may, subject to various exceptions, remove a case from state to federal court if there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a) and 1332(a). The removing defendants have the burden of establishing the requisite amount in controversy. They may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are

likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Defendants rely on the "facially apparent" approach in this case by pointing to allegations in Plaintiff's complaint, as amended, that allege and pray for damages in excess of $75,000. The general rule is that the sum demanded in good faith in the plaintiff's initial pleading is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). This statutory provision is a codification of the long-standing jurisprudential rule that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586, 590 (1938).

**Analysis**

Chesapeake has filed copies of Plaintiff's state court complaint, plus an amended complaint. Doc. 12. Plaintiff alleged in her original complaint, under the heading Jurisdiction And Venue, that the parties are citizens of different states and "the amount in controversy exceeds $75,000." Plaintiff alleged that she owns a one-fourth royalty interest in a mineral lease and that Chesapeake has been operating two wells located in the relevant area but has not paid appropriate bonus, royalties, and rents that are due. At the end of her complaint, under the heading Relief, Plaintiff prayed for declaratory relief, an injunction for the release of information concerning the relevant wells, and "Damages caused by Chesapeake's violation of Louisiana Mineral Code Articles 31:212.21-23 which exceeds $75,000." Plaintiff also prayed for an award of double damages based on the penalty

provisions of the Mineral Code and "triple back pay with interest" under the Louisiana Unfair Trade Practices Act. Plaintiff later filed an "Amendment to the Petition" in state court. A copy is attached to the Notice of Removal (Doc. 1), and it includes an assertion of damages under the Mineral Code "estimated in 2012 to be $1.5 million."

Plaintiff's own allegations, presumably made in good faith, satisfy Chesapeake's burden of showing that the amount in controversy exceeds $75,000. Plaintiff estimates the damages to be an extraordinary amount, and her demand for statutory penalties that could multiply that award must be considered in determining the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); HBM Interests, LLC v. Chesapeake Louisiana, LP, 2012 WL 3548145 (W.D. La. 2012). The invocation of the penalty statutes, together with Plaintiff's own words, satisfy Chesapeake's burden of establishing the amount in controversy.

Plaintiff makes additional arguments for remand. She states that the Louisiana courts are the primary arbiters of state law and she trusts them to decide this dispute, she will incur harm in the form of a lost opportunity to attend a hearing that had been set in state court prior to removal, and that the removal is an attempt by the defendants to waste the time and resources of both courts. None of those arguments permits remand to state court. Defendants had a statutory right to remove this case, and they exercised it. Plaintiff has not pointed to any deficiencies in the removal procedure or subject matter jurisdiction of the federal court, so the case will remain in federal court.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 10)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of March, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge