UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHARON DYWANE SHAW                CIVIL ACTION NO. 17-cv-0031

VERSUS                            JUDGE HICKS

CHESAPEAKE OPERATING, LLC, ET AL   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Sharon Dywane Shaw ("Plaintiff") is a self-represented citizen of Nevada. She filed a complaint and amended complaint against three Chesapeake entities (collectively "Chesapeake") seeking unpaid royalties in connection with mineral production from Louisiana property that she inherited. Plaintiff also seeks penalties, damages, and an injunction. Before the court is Chesapeake's Motion to Dismiss Pursuant to Rule 12(b)(6). Doc. 14. For the reasons that follow, it is recommended that the motion be granted and that all claims by Plaintiff be dismissed with prejudice.

**Rule 12(b)(6) Standard**

The Federal Rules of Civil Procedure require that a pleading contain a short and plain statement of the claims showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact). Twombly at 555-556; Cook v. Warrior Energy Services Corp., 2017 WL 1356333 (W.D. La.) (Hicks, J.). If a pleading

contains only "labels and conclusions" and "formulate recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court may not go outside of the pleadings.  Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993).  A court may, however, rely on documents attached to or incorporated into the complaint by reference. Lone Star Fund v. Barclays, 594 F.3d 383 (5th Cir. 2010); Lester v. Caddo Parish, 2017 WL 1190923 (W.D. La.) (Hicks, J.).

Even though a court must accept all allegations as true, courts do not have to accept legal conclusions as facts.  Colle, supra.  Indeed, courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion.  Iqbal, supra at 678-679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted.  Id.  Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court."  Twombly, supra at 558.

**Analysis**

Plaintiff alleges that she is the owner of a one-fourteenth royalty interest under an oil, gas and mineral lease.  The lease in question appears to be granted to Twin Cities Development, LLC, which is not a party to this lawsuit.  Plaintiff admits that her ancestor in title did not sign that mineral lease.  Doc. 19 at p. 2.  The exhibits indicate that Chesapeake

drilled a well on a unit that includes property owned by Plaintiff. Plaintiff admits, however, that her mineral interest is considered an "unleased interest" in the unit in question. Id. at pp. 2 and 4. She is not, either directly or by inheritance, a party to a mineral lease.

Plaintiff has not alleged facts that show she is entitled to royalties or penalties. As the owner of an unleased interest, Plaintiff must bear her share of the well cost before receiving any proceeds from the unit well. Zinc v. Chevron U.S.A., 1992 WL 300816 (E.D. La.), affirmed, 19 F.3d 13 (5th Cir. 1994); TDX Energy v. Chesapeake, 857 F.3d 253, 257-258 (5th Cir. 2017). It is apparent from the face of the complaint and the attached exhibits that the well has not reached payout. In fact, there are still unrecovered costs associated with the well of at least $6,000,000. Once those costs are recouped, then (and only then) will Plaintiff be entitled to receive her proportionate share of revenue from the well.

Plaintiff's various other claims should also be dismissed for failure to state a claim. None of Plaintiff's allegations is remotely sufficient to support a claim for fraud under Rule 9(b) or for intentional infliction of emotional distress under White v. Monsanto, 585 So.2d 1205, 1209 (La. 1991). Instead, the record shows that Chesapeake attempted to explain to Plaintiff that she inherited an unleased mineral interest. Chesapeake also provided Plaintiff with reports concerning well costs and revenue.

Plaintiff's claim for unfair and deceptive trade practices is also unsupported by the pleadings. The Louisiana Unfair Trade Practices and Consumer Protection Law grants a private right of action for the recovery of damages to any person who suffers loss as a result of the use or employment by another of an unfair or deceptive method, act, or practice. La.

R.S. 51:1401. To recover under that act, a plaintiff must prove fraud, misrepresentation or other unethical conduct. Computer Management Assistants v. Robert F. DeCastro, Inc., 220 F.3d 396, 404 (5th Cir. 2000). Plaintiff's complaint is devoid of any allegations of facts that would show that Chesapeake engaged in fraud, misrepresentation, or other unethical conduct.

Plaintiff's complaint also purports to assert a claim for general negligence and for an injunction. The complaint alleges no facts to suggest that Chesapeake has been negligent in any way. Plaintiff is simply confused as to what she is entitled to as the owner of an unleased interest. Her confusion is understandable, but her confusion does not render Chesapeake negligent or justify the issuance of an injunction.

**Conclusion**

In summary, Plaintiff is the owner of an unleased mineral interest, and she is not entitled to share in the proceeds of the well until all costs have been recouped. Plaintiff has failed to state any claim against Chesapeake for any type of relief. Accordingly;

**IT IS RECOMMENDED** that Chesapeake's **Motion to Dismiss (Doc. 14)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of July, 2017.

*signature*

Mark L. Hornsby
U.S. Magistrate Judge